IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

LILLIE MAE TRAIL,

       Petitioner,

v.                        Case No. 2:05-cv-00846

JAMES IELAPI, Warden,
Pruntytown Correctional Center,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2)[1] and Respondent's Motion to Dismiss Petition as Untimely and for Failure to Exhaust Available State Court Remedies (# 10).  This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

In April of 1997, Petitioner, Lillie Mae Trail, was indicted by a Lincoln County, West Virginia Grand Jury on one count of first degree murder.  (# 10, Ex. 1).  On October 23, 1997, Petitioner was found guilty of first degree murder by a Petit Jury in the

---

[1] Petitioner also filed a document entitled "Petition for Writ of Certiorari" (# 3), which is styled in the Supreme Court of Appeals of West Virginia.  The undersigned is treating the "Petitioner for Writ of Certiorari" as documentation in support of her section 2254 petition, not as a separate petition.

Circuit Court of Lincoln County.  On the following day, the same jury determined that Petitioner should not be granted mercy.  (See State v. Trail, Case No. 97-F-28 (Lincoln Co. Cir. Ct.),# 10, Ex. 2).

By order entered April 7, 1998, Petitioner was sentenced to life in prison without the possibility of parole, which sentence was made concurrent with a 1-5 year sentence Petitioner was serving on a conviction for unlawful wounding in the Circuit Court of Kanawha County, West Virginia.  (Id., Ex. 3).

Petitioner was represented at trial by retained counsel, Timothy Koontz.  On August 3, 1998, Petitioner, by counsel, filed a Motion for a New Trial.  (# 14-2).  Remarkably, as confirmed by Respondent in his Reply Brief (# 14), that motion is still pending before the Circuit Court of Lincoln County.

On October 20, 2005, Petitioner filed a document entitled "Petition for Writ of Certiorari" and a "Petition for a Writ of Habeas Corpus" under the original jurisdiction of the Supreme Court of Appeals of West Virginia (the "SCAWV").  Those petitions were assigned Case No. 052389.  (Id., Ex. 4).  Those petitions remain pending.

On October 21, 2005, Petitioner filed the same, or substantially the same, petitions in the Circuit Court of Taylor County, West Virginia.  (See Trail v. Ielapi, Case No. 05-C-79, (Taylor Co. Cir. Ct.), # 10, Ex. 5). Petitioner is presently

2

incarcerated at the Pruntytown Correctional Center, which is located in Taylor County. However, because Petitioner was convicted in the Circuit Court of Lincoln County, on or about October 28, 2005, the Taylor County proceeding was transferred to the Circuit Court of Lincoln County and assigned Case No. 05-C-161. (# 10 at 3). That matter remains pending.

Petitioner filed her "Petition for a Writ of Habeas Corpus" (# 2) and "Petition for Writ of Certiorari" (# 3) in this federal court on October 21, 2005. The federal petition is identical to the petitions filed in the state courts. On or about December 30, 2005, Petitioner filed additional documentation in support of her petition. (# 9). Petitioner has paid the $5.00 filing fee. (# 7).

On January 4, 2006, Respondent filed a consolidated Answer, Motion to Dismiss, and Memorandum in Support Thereof (hereinafter referred to as "the Motion to Dismiss"). (# 10). The Motion to Dismiss initially asserted that Petitioner's federal petition is untimely under 28 U.S.C. § 2244(d)(1), and that she has failed to exhaust her available state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). (# 10 at 3-8).

On January 6, 2006, the undersigned notified Petitioner of her right to respond to the Motion to Dismiss and set deadlines for a response and reply. (# 11). On February 3, 2006, Petitioner filed a document entitled "Objections to Respondent's Motion to Dismiss

Petition of Habeas Corpus." (# 12).

Petitioner has provided this court with documentation which indicates that there is no final order entered in her criminal action. (# 3 at 1; # 13, Ex. A). Consequently, the undersigned ordered Respondent to file a reply brief addressing that issue. In the Reply Brief (# 14), Respondent confirmed that Petitioner's Motion for a New Trial remains pending before the Circuit Court of Lincoln County, nearly eight years after it was filed. (# 14 at 2). Respondent further states that Petitioner's "appellate rights are still extant." (Id. at 3).

## ANALYSIS

In light of the fact that a final order ruling on Petitioner's Motion for a New Trial has not been entered, her petition for federal habeas corpus relief is premature. Once a final order disposing of Petitioner's Motion for a New Trial is entered, Petitioner should still have the right to file a petition for appeal in the Supreme Court of Appeals of West Virginia and/or to seek habeas corpus relief in the state courts. Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

4

procedure, the question presented.

28 U.S.C. § 2254(b)(1)(A), (c).

Based upon the evidence of record, the undersigned proposes that the presiding District Judge **FIND** that there is no final order in Petitioner's underlying criminal action, and that Petitioner has not yet exhausted the remedies available to her in the state courts. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Respondent's Motion to Dismiss Petition as Untimely (# 10-1) and **GRANT** Respondent's Motion to Dismiss the Petition for Failure to Exhaust State Remedies (# 10-2). It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's section 2254 petition, pending the exhaustion of all available state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which

objection is made, and the basis of such objection.   Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.   Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

_____June 9, 2006_____
              Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge